UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILMINGTON PT CORP.,

                        Plaintiff,                                 **REPORT AND**
                                                                       **RECOMMENDATION**
        -against-                                                              CV 19-1972 (DRH) (ARL)

ELHAM DANIALIAN, BIJAN DANIALIAN and
FARIBORZ MOSAZADEH,

                        Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Hurley, is the plaintiff's motion for summary judgment against the defendants, Elham Danialian ("E. Danialian") and Bijan Danialian ("B. Danialian") (collectively, "the Danialians"). For the reason set forth below, the undersigned respectfully recommends that the plaintiff's motion be denied with leave to renew after March 1, 2021.

      By way of background, the plaintiff, Wilmington PT Corp. ("Wilmington"), commenced this action on April 5, 2019, against the Danialians and Fariborz Mosazadeh pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.* seeking to foreclose on a mortgage encumbering the property commonly known as 1 Hayloft Lane, Roslyn Heights, NY 11577 (the "Property"). According to the plaintiff, on January 10, 2007, the Danialians obtained a loan for $350,000.00 from National City Bank secured by a Mortgage on the Property and a Note. Devico Aff. ¶ 2; Compl. Exs. B, C. On September 18, 2018, the Note and Mortgage were assigned to Wilmington. Devico Aff. ¶ 4. The loan, which was structured as an Equity Reserve Line of Credit, carried annual interest rates ranging from 7.625% to 8.625% for a 30-year term. Compl. Exs. B, C. On June 20, 2013, five years before the reassignment to Wilmington, the Danialians allegedly defaulted under the terms of the Note and Mortgage. Devico Aff. ¶ 6. Although it is not clear from the submissions what transpired between 2013 and 2018, on December 20, 2018, counsel for Wilmington mailed the Danialians a 30-day default notice advising them of the possibility that the loan would be accelerated if they failed to cure the default in 30 days. Compl. Ex. E. That same day, Wilmington also mailed the Danialians a 90-day pre-foreclosure notice, which listed at least five free (5) housing counseling agencies for the Danialians to contact. *Id.* According to the 90-day notice, as of December 20, 2018, the loan had been in default for 2,010 days. *Id.* Finally, Wilmington sent the Danialians a Notice pursuant to the Fair Debt Collection Practices Act, which indicated that as of December 20, 2018, the total amount of the remaining debt was $402,807.09, comprised of a principal balance of $321,049.68 plus accrued interest of $81,757.41. *Id.* According to Wilmington, to date, the Danialians have failed to cure the alleged default. Devico Aff. ¶ 9.

      As stated above, on April 5, 2019, Wilmington commenced this action. ECF No. 1. On April 8, 2019, the Clerk issued summonses as to the defendants. ECF No. 7. On April 18, 2018, the Danialians were personally served with the summons, complaint, a certificate of merit and

RPAPL §§1320 and 1303 notices by service on their daughter Shira at the Property.  ECF Nos. 8, 9.  On May 14, 2019, the Danialians filed an answer to the complaint asserting ten affirmative defenses, including that Wilmington lacked standing to bring the action.  ECF No. 10.  The Danialians also alleged that by bringing the case in the federal court, the plaintiff was attempting to circumvent some of the protections offered to homeowners under New York state law.

On October 23, 2019, the parties appeared for a mediation but were unable to settle the case.  Pl.'s 56.1 ¶11.  On January 28, 2020, discovery was marked complete.  ECF No. 24.  After seeking several extensions, Wilmington filed a fully briefed motion for summary judgment.  ECF Nos. 30-41.  On June 29, 2020, the motion was referred to the undersigned.  However, since the date of the referral, several Executive Orders have been issued and at least one state statute has been enacted in response to the current healthcare crisis that effects this case.  Specifically, on December 28, 2020, Governor Cuomo signed into law the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (S.9114/A.11181) (the "Act").  The Act, which is intended to provide relief to homeowners facing continued economic hardship resulting from the ongoing pandemic, provides:

> Any action to foreclose a mortgage pending on the effective date of this act, *including actions filed on or before March 7, 2020*, or commenced within thirty days of the effective date of this act shall be stayed for at least sixty days, or to such later date that the chief administrative judge shall determine is necessary to . . . give mortgagors an opportunity to submit the hardship declaration pursuant to this act.

L.2020, c. 381, pt. B, subpt. A, § 3 (emphasis added).  Given the stay imposed by Act, the undersigned recommends that the motion for summary judgment be denied at this time with leave to renew after March 1, 2021.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        January 29, 2021.                                    _____/s/_____
                                                             ARLENE R. LINDSAY
                                                             United States Magistrate Judge