FILED
CLERK
3/24/2023 8:53 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILMINGTON PT CORP.,

                    Plaintiff,

  -against-

ELHAM DANIALIAN and BIJAN DANIALIAN,

                    Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-1972 (GRB) (JMW)

**APPEARANCES:**

**For Plaintiff:**
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
By: Seth D. Weinberg, Esq.

**For Defendants:**
Lester Korinman Kamran & Masini, P.C.
600 Old Country Road, Suite 330
Garden City, New York 11530
By: Peter K. Kamran, Esq.

**GARY R. BROWN, United States District Judge:**

      Plaintiff Wilmington PT Corp. ("Plaintiff" or "Wilmington PT") commenced this action against defendants Elham Danialian, Bijan Danialian and Fariborz Mosazadeh[1] pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq.*, seeking to foreclose on a residential mortgage encumbering the real property located at 1 Hayloft Lane, Roslyn, New York, 11577 (the "Subject Property"). Before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

---

[1] By Order dated February 18, 2022, defendant Mosazadeh was dismissed from the action.

1

## BACKGROUND

The following facts are derived from the undisputed portions of the parties' Rule 56.1 statements and the documentary evidence submitted.[2]

On January 10, 2007, Elham Danialian and Bijan Danialian ("Defendants") executed a Mortgage (the "Mortgage") in favor of National City Bank ("NCB") to secure the sum of $350,000.00. Pl.'s Rule 56.1 Stmt. ¶ 3, Docket Entry ("DE") 55. In addition, Elham Danialian executed a Note (the "Note") on the same day in favor of NCB in the amount of $350,000.00. *Id.* ¶ 4. The Note was transferred to Plaintiff by physical delivery and affixation of proper allonges, and the Mortgage was assigned by a series of assignments of mortgage. *Id.* ¶ 5.

Defendants defaulted under the contractual provisions of the Note and Mortgage by failing to make the monthly payments due on June 20, 2013 and each month thereafter. *Id.* ¶ 7. On December 20, 2018, Plaintiff's counsel mailed to each of the Defendants default notices and notices pursuant to RPAPL § 1304. *Id.* ¶ 8. Defendants failed to cure the default under the Note and Mortgage since the mailing of the notices. *Id.* ¶ 9. Wilmington PT was in physical possession of the endorsed note prior to the commencement of the instant action. *Id.* ¶ 6.

---

[2] The Court notes that Plaintiff's Rule 56.1 statements of undisputed material facts are supported by citations to admissible evidence, as required by Fed. R. Civ. P. 56 and Local Rule 56.1. DE 55. Defendants' responses to Plaintiff's 56.1 statements, DE 61, however, do not contain any citation to evidence for those statements which they controvert, stating only that the fact is "denied." *See* Local Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)); *see also Squares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 27 (2d Cir. 2015) ("Local Rule 56.1 . . . requires that each numbered paragraph be supported by citation to the evidence" in the record). Accordingly, because Defendants have failed to cite any admissible evidence to support their denials of the Plaintiff's 56.1 statements, and the Court finds based on its independent review of the record that Plaintiff's 56.1 statements are amply supported by the record, the Court accepts the facts in Plaintiff's 56.1 statement as undisputed. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted"); *Holtz v. Rockefeller & Co*., 258 F.3d 62, 73-74 (2d Cir. 2001) (Where Defendants have failed to controvert a fact with citation to admissible evidence and Plaintiffs' factual averments are supported by citations to admissible evidence, the Court may accept them as true and undisputed).

On April 5, 2019, Plaintiff commenced the instant foreclosure action. *Id.* ¶ 10. Plaintiff filed a motion for summary judgment against Defendants on June 26, 2020, DE 30, which District Judge Denis R. Hurly referred to Magistrate Arlene R. Lindsay. On January 29, 2021, Judge Lindsay issued a Report and Recommendation recommending that Plaintiff's motion be denied, with leave to renew, based on the stay imposed by the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (S.9114/A.11181) (the "Act"). DE 42. The protections imposed by the Act expired on January 15, 2022. DE 55, ¶ 19. On May 12, 2022, Plaintiff filed a renewed motion for summary judgment seeking a judgment of foreclosure and to strike Defendants' answer and affirmative defenses. DE 54. Defendants oppose the motion. DE 61-66. This case was randomly reassigned to the undersigned on July 8, 2022.

**DISCUSSION**

This motion for summary judgment is decided under the oft-repeated and well-understood standard for review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed facts, Plaintiff is entitled to judgment.

"Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate the existence of the mortgage and mortgage note, ownership of the mortgage, and defendant's default in payment on the loan secured by the mortgage." *Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. June 24, 2020) (internal quotation marks and citation omitted); *see U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *see also Builders Bank v. Charm Devs. II, LLC*, Nos. 09-CV-3935 & 09-CV-4410, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action

3

is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note"). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its *prima facie* case of entitlement to judgment. The burden then shifts to the defendants to raise a triable issue of fact, including with respect to any alleged defenses or counterclaims." *Miss Jones LLC v. Shahid*, No. 17-CV-716 (AMD) (LB), 2022 WL 4642716, at *2 (E.D.N.Y. Sept. 30, 2022) (internal quotation marks and citation omitted). The burden of providing affirmative evidence of a defense generally rests with Defendants, but where, as here, "standing is put into issue by a defendant's answer, a [p]laintiff must prove its standing if it is to be entitled to relief." *13410 Lot, LLC v. RNR Management, LLC,* No. 12-CV-1899 (KAM) (VMS), 2019 WL 8587296, at *7 (E.D.N.Y. Sept. 30, 2019); *see OneWest Bank, N.A. v. Simon*, 2019 WL 1320275, at *6 (E.D.N.Y. Mar. 22, 2019).

In the instant foreclosure action, Plaintiff has established a *prima facie* case that it is entitled to judgment by submitting (1) copies of the Mortgage and Note, *see* DE 57, Exs. A, B; (2) copies of the Assignments of the Mortgage, *see id.* Ex. C; and (3) an affidavit from the Vice President of Wilmington PT, who has direct knowledge of the facts and circumstances of the case, attesting to Defendants' default on the loan payments due beginning on June 20, 2013, *see id.* ¶¶ 1-10, Ex. D. *See E. Sav. Bank, FSB v. Ferro*, No. 13 Civ. 5882 (SJF)(GRB), 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) (holding that the plaintiff had established a *prima facie* case of mortgage foreclosure under New York law by "submitting copies of the Note and Mortgage" and "an affidavit from one of its Senior Asset Managers with direct knowledge of the facts and circumstances of the case attesting to" the defendants' default). Thus, "the burden shifts" to Defendants to establish any affirmative defenses. *E. Sav. Bank, FSB v. Thompson*, No. 12-CV-1197 (WFK)(RLM), 2016 WL 2977268, at *2 (E.D.N.Y. May 19, 2016).

Defendants raise two affirmative defenses,[3] to wit: (i) Plaintiff lacks standing to file this action, and (ii) Plaintiff failed to comply with the pre-foreclosure notice requirements of RPAPL § 1304 and the pre-foreclosure filing requirements of RPAPL § 1306.

Defendants allege that Plaintiff lacked standing because the production of the endorsed Home Equity Line of Credit Agreement (the "Note") at the commencement of this action was not sufficient to establish standing. DE 65 at 3. "Under New York law, [a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Thompson*, 631 F. App'x at 15 (internal quotation marks and citation omitted); *see Nationstar Mtge., LLC v. Tabick*, 142 N.Y.S.3d 848 (2d Dept. 2021) (holding a plaintiff has standing in a mortgage foreclosure action "where it is the holder or assignee of the underlying note at the time the action is commenced"). "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Thompson*, 631 F. App'x at 15 (internal quotation marks and citation omitted). A plaintiff demonstrates, *prima facie*, its standing to commence the action, by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced. *JPMorgan Chase Bank, N.A. v. Garcete,* 163 N.Y.S.3d 816 (2d Dept. 2022) (holding a plaintiff has standing to commence a mortgage foreclosure action by "its attachment of

---

[3]Defendants' Answer purports to allege ten affirmative defenses. DE 10. In its motion for summary judgment, Plaintiff addresses the ten affirmative defenses, seeking to have each affirmative defense stricken. DE 59. However, Defendants have not addressed or made any arguments in opposition to Plaintiff's motion with respect to their first, second, fourth, sixth, seventh, eighth, ninth and tenth affirmative defenses. DE 62-65. Accordingly, the Court deems that Defendants have abandoned these defenses, and Plaintiff's motion to strike the aforementioned affirmative defenses is granted. *See Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc.* No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); *see also Bombard v. Central Hudson Gas & Elec.*, 614 N.Y.S.3d 577, 580 (3d Dep't 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

the home equity line of credit agreement, endorsed in blank, to the complaint at the time the action was commenced"); *see also U.S. Bank N.A. v. Rowe*, 149 N.Y.S.3d 197 (2d Dep't 2021).

Here, Plaintiff has established that the Mortgage was assigned by a series of recorded assignments of the Mortgage from National City Bank to Plaintiff and that it received physical possession of the endorsed Note prior to the commencement of this action. *See* DE 57, ¶¶ 8 & 9 & Exs. A, C. Moreover, the Note was endorsed in blank and attached to the complaint at the commencement of the action. DE 1, Ex. C. Finally, Plaintiff has provided an affidavit stating that "Plaintiff received physical possession of the endorsed Note prior to commencement of this action." DE 57, ¶ 9. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (finding affidavits averring that the plaintiff had physical possession of the note at the time of the commencement of the action was sufficient to establish standing); *see also CIT Bank, N.A. v. Conroy*, No. 14-CV-5862, 2018 W 4861373, at *6 (E.D.N.Y. Oct. 5, 2018), *aff'd sub nom. CIT Bank N.A. v. Donovan*, 856 F. App'x 335 (2d Cir. 2021) (finding affidavits "provide sufficient evidence of physical possession to prove plaintiff's standing to foreclose on the mortgage associated with the [n]ote"). Thus, the Court is satisfied that Plaintiff has established standing. Accordingly, Defendants have failed to raise a triable issue of fact and the defense is dismissed.

The Court next considers Defendants' defense that Plaintiff failed to comply with the requirements of RPAPL § 1304 and § 1306.

RPAPL § 1304 provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." N.Y. Real Prop. Acts. Law § 1304(1). Section 1304(2) specifies that the notice must be sent "by registered or certified mail and by first-class mail to the last known address of the borrower, and

to the residence that is the subject of the mortgage." *Id.* § 1304(2). Section 1304(2) adds a requirement that the notices "be . . . in a separate envelope from any other mailing or notice." *Id.* § 1304(2).

"Proper service of RPAPL § 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and plaintiff has the burden of establishing satisfaction of this condition." *Deutsche Bank Nat. Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202 (2d Dep't 2013). Compliance with Section 1304 can be "established with proof of actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (2d Dep't 2019). "Evidence of an established and regularly followed office procedure may give rise to a rebuttable presumption that such notification was mailed to and received by [the intended recipient]." *CIT Bank, N.A. v. Schiffman*, 36 N.Y.3d 550 (2021) (internal quotation marks and citation omitted). Proof of an office procedure "need not be supplied by the employee charged with mailing the document" but can be established by an affidavit or testimony from "an employee with personal knowledge of the practices utilized by the [company] at the time of the alleged mailing." *Id.*

Here, Plaintiff attached an affidavit stating that its counsel,[4] The Margolin & Weinreb Law Group, LLP ("MWLG"), in accordance with its standard business practice and procedures, sent

---

[4] Defendants' argument that Plaintiff's attorneys are not authorized to serve the § 1304 notice is unavailing as New York courts have found compliance with the requisite RPAPL 1304 notice from employees of Plaintiff's attorneys. *See, e.g., U.S. Bank N.A. v. McDermott*, 2022 WL 2392522, at *2 (S.D.N.Y. July 1, 2022) (finding compliance with the requirements of RPAPL § 1304 and § 1306 where Plaintiff's attorney-in-fact sent Defendant the required notices); *Wells Fargo Bank, N.A. v. Cherot,* 150 N.Y.S.3d 597, 598-99 (2d Dept. 2021) (finding compliance of § 1304 requirements where notices mailed by a lender's counsel); *United Fed. Credit Union v. Diarra,* 149 N.Y.S.3d 12, 13 (1st Dept. 2021) (same).

Defendants proper notice under Section 1304 by first class and certified mail on December 20, 2018. DE 58 ¶¶ 3-24. In compliance with MWLG's standard mailing practices, the 90-day notice was placed in an envelope, with a list of at least five housing counseling agencies which service the region, and no other documents were placed in the envelope. *Id.* ¶¶ 5-12. Plaintiff attached copies of the 90-day notices to the affidavits, which mailings are addressed to Defendants and contained certified or first-class mail barcodes and receipts. *Id.*, Exhs. C-E. The Court finds that these submissions are sufficient to establish that Plaintiff complied with Section 1304 and that Defendants' bare denial of receipt of the RPAPL notice[5] is insufficient to raise a triable issue of fact. *See Nationstar Mortg., LLC v. LaPorte*, 79 N.Y.S.3d 70, 72-73 (2d Dep't 2018) (granting summary judgment where "the plaintiff's submissions included an affidavit of the person employed by the plaintiff . . . that described the procedure by which the RPAPL § 1304 notice was mailed to the defendant by both certified and first-class mail" as well as "a copy of a [mailing] addressed to the defendant bearing a certified mail twenty-digit barcode, and a copy of the RPAPL 1304 notices sent to the defendant"); *HSBS Bank USA, N.A. v. Ozcan*, 64 N.Y.S.3d 38, 43-44 (2d Dep't 2017) (finding that "the plaintiff's submissions demonstrated, *prima facie*, that it complied with the mailing requirements of RPAPL 1304" where a loan servicer swore to personal knowledge of business records and plaintiff's regular mailing practices, affirmed mailing occurred by first-class and certified mail, made references to bar codes, and attached copies of the 90-day notices).

"RPAPL § 1306 further requires that a foreclosure plaintiff file certain information, within three business days of mailing a §1304 notice, with a state regulator, the Superintendent of Financial Services." *CIT Bank, N.A. v. Schiffman*, 999 F.3d 113, 117 (2d Cir. 2021) (citing N.Y.

---

[5] A "mere denial of receipt is insufficient to rebut a presumption of mailing where there is documentary proof of mailing." *United Fed. Credit Union v. Diarra,* 149 N.Y.S.3d 12, 13 (1st Dept. 2021).

Real Prop. Acts. Law § 1306(1)). "Among other information, the § 1306 filing must include the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage." *Id.* (citing § 1306(2)). Plaintiff submitted its filing to the Superintendent of the Department of Financial Services on December 21, 2021, within three days of mailing the 90-Day Notice. DE 58, Ex. E. Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services, the Court finds Plaintiff has satisfied the § 1306 requirement. *See U.S. Bank N.A. v. Swezey*, No. 20-CV-91, 2022 WL 1422841, at *7 (E.D.N.Y. Mar. 24, 2022) (finding that the plaintiff had satisfied the requirements of § 1306 after reviewing a Proof of Filing Statement submitted by the plaintiff). Accordingly, Defendants have failed to raise a triable issue of fact and the defense that Plaintiff failed to comply with the requirements of RPAPL § 1304 and § 1306 is dismissed.

Finally, Plaintiff seeks $402,807.09 in damages, consisting of the principal balance of $321,094.68 plus accrued interest of $81,757.41. DE 62-4, ¶ 13, Ex. D. These amounts, however, do not include supporting documentation as the exhibit cited in support thereof does not support the amounts due and owing. In addition, Plaintiff seeks unspecified "late fees, legal fees, costs and expenses, and such sums as Plaintiff may have advanced for taxes, insurance and maintaining the Property." *Id*.

Pursuant to Section 1321 of RPAPL, the Court "has the authority to compute the amount owed or appoint a referee to do the same." *Miss Jones LLC v. Shahid*, No. 17-CV-716 (AMD)(LB), 2022 WL 4642716, at *9 (E.D.N.Y. Sept. 30, 2022) (quoting *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384, 2016 WL 6902480, at *4 (S.D.N.Y. Nov. 22, 2016) (appointing a referee to calculate damages and sell the property after awarding summary judgment to plaintiff in a foreclosure action)); *see also CIT Bank, N.A. v. Langley*, No. 17-CV-1548 (ADS), 2019 WL

6050258, at *6 (E.D.N.Y. Nov. 15, 2019) ("[U]pon awarding summary judgment to a plaintiff in a foreclosure action, the RPAPL allows for the appointment of a referee."); *CIT Bank, N.A. v. Metcalf*, No. 15-CV-1829 (MKB) (JO), 2017 WL 3841852, at *1-2 (E.D.N.Y. Sept. 1, 2017) (appointing a Special Master to calculate "the outstanding principal, accrued late charges, related expenses and attorneys' fees" with respect to a mortgage foreclosure)  The Plaintiff is therefore directed, within fourteen days, to file a Proposed Judgment of foreclosure providing for a sale of the Property that includes a space for the appointment of a referee to calculate the total amount owed to Plaintiff, effectuate the sale, and disperse funds from such a sale.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and Plaintiff's motion to strike the answer and affirmative defenses is granted.  The Clerk of the Court is directed to enter judgment for Plaintiff

**SO ORDERED.**

Dated:  Central Islip, New York  
March 24, 2023

　/s/ Gary R. Brown  
GARY R. BROWN  
United States District Judge