# MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.   ALAN WEINREB, ESQ.   CYNTHIA A. NIERER, ESQ.

June 12, 2023

<u>**Via ECF**</u>
The Honorable Judge Gary R. Brown
United States District Court—E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

    Re: <u>Wilmington PT Corp. v. Danialian, et al., 19-cv-1972-GRB-JMW</u>

Dear Judge Brown,

    We represent Plaintiff Wilmington PT Corp. ("Plaintiff") in the above-referenced foreclosure action. On April 4, 2023, Your Honor entered a Judgment of Foreclosure and Sale [Docket No. 71]. While reviewing the file in preparation to schedule a foreclosure sale, we noticed that the Additional Notice of Pendency as required pursuant to NY RPAPL Sec. 1331 was not filed with the Nassau County Clerk's Office upon the 3-year expiration of the Notice of Pendency. The Notice of Pendency was filed with the Nassau County Clerk's Office on May 6, 2019. As such, Plaintiff immediately submitted the Additional Notice of Pendency for filing, which was filed with the Nassau County Clerk's Office on May 18, 2023. *See* filed Notice of Pendency and Additional Notice of Pendency annexed hereto. As such, Plaintiff respectfully requests *nunc pro tunc* relief to cure this deficiency for the reasons as set forth below.

    Regarding a Notice of Pendency, CPLR Article 65 is the controlling statute and is set out in the controlling case of *Campbell v. Smith*, 309 A.D.2d 581 (App. Div. 2003). It was restated on August 2, 2005 by the New York State Legislature as Chapter 387 of the Laws of 2005 enacting CPLR Sec. 6516. This law provides clarification of past court rulings which stated that a mortgage foreclosure action could not continue if the previous Notice of Pendency had expired without being renewed (*see id*.). This law can be applied to this case as follows:

    In a foreclosure action [under RPAPL Article 13], a successive notice of pendency *may* be filed to comply with NY RPAPL Sec. 1331, notwithstanding that a previously expired notice of pendency has expired pursuant to Section 6513 or has become otherwise ineffective.

    The *nunc pro tunc* relief requested herein is that the Additional Notice of Pendency annexed hereto be deemed to have been filed at a time which is at least 20 days prior to the entry of the April 4, 2023 Judgment of Foreclosure and Sale. This relief is necessary here as RPAPL Sec. 1331 requires that the "The Plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action…"

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

165 EILEEN WAY, SUITE 101    SYOSSET, NEW YORK 11791    T. (516) 921-3838    F. (516) 921-3824    WWW.NYFCLAW.COM

The *nunc pro tunc* request is permitted pursuant to CPLR 2001, which provides: "At any stage of an action, including the filing of a summons with notice, summons and complaint…the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid." *See Wells Fargo Bank, N.A. v. Gonsavles*, 44 Misc. 3d 531 (2014); *Nationstar Mortgage LLC v. Moody*, 16-cv-0279 (NDNY).

Accordingly, it is respectfully requested that the Court So Order that Plaintiff's Additional Notice of Pendency annexed hereto be deemed to be filed *nunc pro tunc* on a date that is at least 20 days prior to the April 4, 2023 entry of Judgment of Foreclosure and Sale.

We thank the Court for its review of our submission.

Respectfully submitted,

*/s/ Alan H. Weinreb*
Alan Weinreb, Esq.

Enclosures
cc: all parties to be noticed (via ECF)

SO ORDERED:

_____
The Honorable Judge Gary R. Brown
U.S.D.J.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
WILMINGTON PT CORP.,
                       Plaintiff,

-against-

ELHAM DANIALIAN, BIJAN DANIALIAN AND
FARIBORZ MOSAZADEH,
                       Defendants.
---------------------------------------------------------------X

INDEX NO: 495/19
D/O/F:
NOTICE OF PENDENCY
Premises Address:
1 Hayloft Lane
Roslyn Heights, NY 11577
SBL: 7-191-21

**NOTICE IS HEREBY GIVEN**, that an action has been commenced and is pending in the Eastern District of New York upon a complaint of the above named Plaintiff against the above named defendants for the foreclosure of a certain Mortgage dated January 10, 2007 made by Elham Danialian, Bijan Danialian to National City Bank, to secure the sum of $350,000.00 and interest, recorded in Liber 31541 Page 126 in the Nassau County Clerk's Office on February 13, 2007. The Mortgage was assigned by Assignments of Mortgage as follows:

a. **Assignor:** PNC Bank National Association, successor by merger to National City Bank
   **Assignee:** Trinity Financial Services, LLC
   **Dated:** May 11, 2013 **Recorded:** October 10, 2013
   Liber 39233 Page 467
b. **Assignor:** Trinity Financial Services, LLC
   **Assignee:** Wilmington PT Corporation
   **Dated:** September 18, 2018 **Recorded:** October 25, 2018
   Book 43123 Page 543

**RECEIVED**
MAY 0 6 2019
NASSAU COUNTY
COUNTY CLERK'S OFFICE

    That the mortgaged premises affected by said foreclosure action are situate in the County of Nassau, State of New York and more specifically described in "Schedule A" annexed hereto and made a part hereof.
    Said premises are commonly known as 1 Hayloft Lane, Roslyn Heights, NY 11577 known on the Nassau County Tax Map as Section: 7 Block: 191 Lot: 21 in the County of Nassau and State of New York.
    The Clerk of the County of Nassau is directed to index this against to the names of the defendants and the property identified above.

Dated: April 5, 2019

_____
Alan H. Weinreb, Esq.
The Margolin & Weinreb Law Group, LLP
ATTORNEYS FOR PLAINTIFF
165 Eileen Way, Suite 101
Syosset, New York 11791
(516)-921-3838

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
WILMINGTON PT CORP.,

                Plaintiff,

-against-

ELHAM DANIALIAN, BIJAN DANIALIAN AND
FARIBORZ MOSAZADEH,

                Defendants.
---------------------------------------------------------------X

INDEX NO: 495/19
ADDITIONAL
NOTICE OF PENDENCY
Premises Address:
1 Hayloft Lane
Roslyn Heights, NY 11577
SBL: 7-191-21

**NOTICE IS HEREBY GIVEN**, that an action has been commenced and is pending in the Eastern District of New York upon a complaint of the above named Plaintiff against the above named defendants for the foreclosure of a certain Mortgage dated January 10, 2007 made by Elham Danialian, Bijan Danialian to National City Bank, to secure the sum of $350,000.00 and interest, recorded in Liber 31541 Page 126 in the Nassau County Clerk's Office on February 13, 2007. The Mortgage was assigned by Assignments of Mortgage as follows:

a. **Assignor:** PNC Bank National Association, successor by merger to National City Bank
   **Assignee:** Trinity Financial Services, LLC
   **Dated:** May 11, 2013 **Recorded:** October 10, 2013
   Liber 39233 Page 467
b. **Assignor:** Trinity Financial Services, LLC
   **Assignee:** Wilmington PT Corporation
   **Dated:** September 18, 2018 **Recorded:** October 25, 2018
   Book 43123 Page 543

NASSAU INDEX#_____
FILED
MAY 18 2023
NASSAU COUNTY
COUNTY CLERK'S OFFICE

    That the mortgaged premises affected by said foreclosure action are situate in the County of Nassau, State of New York and more specifically described in "Schedule A" annexed hereto and made a part hereof.

    Said premises are commonly known as 1 Hayloft Lane, Roslyn Heights, NY 11577 known on the Nassau County Tax Map as Section: 7 Block: 191 Lot: 21 in the County of Nassau and State of New York.

    The Clerk of the County of Nassau is directed to index this against to the names of the defendants and the property identified above.

Dated: March 1, 2023

                                        Alan H. Weinreb, Esq.
                                        Margolin, Weinreb & Nierer, LLP
                                        ATTORNEYS FOR PLAINTIFF
                                        165 Eileen Way, Suite 101
                                        Syosset, New York 11791
                                        (516)921-3838