

ROY J. LESTER*
GABRIEL R. KORINMAN
PETER K. KAMRAN
MARK I. MASINI**

JOHN SCHERER

*Also admitted in CA
**Also Admitted in NJ

**600 Old Country Road, Suite 330, Garden City, New York 11530**
Tel: (516) 357-9191 • Fax: (516) 357-9281• E-mail: rlester@lesterfirm.com

June 12, 2023

**VIA ECF:**

The Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: <u>**Wilmington PT Corp. v. Danialian, et. al., 19-cv-1972-GRB-JMW**</u>

Dear Honorable Sir:

The undersigned represents Bijan and Elham Danialian (the "Defendants") in the above-referenced action and I write in response to the letter motion of Wilmington PT Corp. (the "Plaintiff") dated June 12, 2023 [ECF dkt item 72] seeking the Court "So Order that Plaintiff's Additional Notice of Pendency annexed hereto be deemed to be filed *nunc pro tunc* on a date that is at least 20 days prior to the April 4, 2023 entry of the Judgment of Foreclosure and Sale."

Initially, pursuant to RPAPL § 1331 in a mortgage foreclosure action the filing of a valid notice of pendency is a prerequisite to the entry of final judgment. <u>See</u> *Robbins v. Goldstein*, 36 A.D.2d 730, 731 (N.Y. App. Div. 2d Dep't 1971); <u>see</u> also *Isaias v. Fischoff*, 37 A.D.2d 934 (N.Y. App. Div. 1st Dep't 1971) ("[s]ection 1331 of the Real Property Actions and Proceedings Law requires that in an action to foreclose a real property mortgage . . . a lis pendens must be filed at least 20 days before final judgment of foreclosure and sale is rendered.  Thus, we perceive that the filing of a *lis pendens* is requisite to the entry of a final judgment" (emphasis added); *Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 212-213 (N.Y. App. Div. 2d Dep't 1989)(internal citations omitted) ("The requirement that, in a foreclosure action brought pursuant to RPAPL article 13, a notice of pendency be filed at least 20 days before entry of final judgment is, in effect an element of the plaintiff's cause of action.  Failure to comply with the filing requirement precludes entry of final judgment") (emphasis added) (citations omitted); *Debcon Fin. Servs., Inc. v. 83-17 Broadway Corp.*, 61 A.D.3d 712, 714 (N.Y. App. Div. 2d Dep't 2009).  Here, Plaintiff admits it has failed to adhere to the requirements of RPAPL § 1331.

However, Plaintiff's proposed solution, namely seeking an Order from this Court deeming Plaintiff's tardily filed lis pendens timely *nunc pro tunc* is completely improper.  As the United States Supreme Court aptly stated "[p]ut colorfully, "[n]unc pro tunc orders are not some Orwellian

vehicle for revisionist history—creating 'facts' that never occurred in fact.". Put plainly, the court "cannot make the record what it is not." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano* 140 S.Ct. 696, 700 (2020). Further, as stated by the New York State Court of Appeals almost 100 years ago, "[a]n order may not be made nunc pro tunc which will supply a jurisdictional defect by requiring something to be done which has not been done." *Stock v. Mann*, 255 N.Y. 100, 103 (1930). This is exactly what Plaintiff is asking for here.

Additionally, this is not a mere irregularity or simple defect, such as a wrong number in the address, a misspelled word, or an incorrect case number, that this Court should ignore pursuant to CPLR § 2001. This is a temporal requirement of RPAPL § 1331.

Lastly, CPLR § 2001 only permits the Court to disregard a mistake if a substantial right of a party is not prejudiced or upon such terms as may be just. Here, since Plaintiff's judgment is invalid pursuant to RPAPL § 1331 any auction held by Plaintiff pursuant to the Judgment would be highly suspect, most likely resulting in a severe chill of bidding which certainly prejudices the Defendants who are the owners of the equity of redemption and would share in any surplus funds generated by a foreclosure sale.

I thank the Court for considering the above.

Respectfully submitted,

Peter K. Kamran, Esq.