UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILMINGTON PT CORP.,

                                    Plaintiff,

      -against-

ELHAM DANIALIAN *et al.*,

                                  Defendants.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-CV-01972 (GRB) (JMW)

**A P P E A R A N C E S:**

Alan H. Weinreb, Esq.
Seth Daniel Weinberg, Esq.
**Margolin, Weinreb & Nierer, LLP**
165 Eileen Way, Suite 101
Syosset, NY 11791
*Attorneys for Plaintiff*

Alan Smikun, Esq.
**Smikun Law, PLLC**
80-15 188th Street, Suite 202
Hollis, NY 11423
*Attorney for Plaintiff*

Peter Kuldip Kamran, Esq.
Roy J. Lester, Esq.
**Lester Korinman Kamran & Masini, P.C.**
600 Old Country Road, Suite 330
Garden City, NY 11530
*Attorneys for Defendants Elham and Bijan Danialian*

Seung Woo Lee, Esq.
**The Law Office of Seung Woo Lee, P.C.**
36-26 Union Street, Suite 3f
Flushing, NY 11354
*Attorney for Defendants Elham and Bijan Danialian*

**WICKS,** Magistrate Judge:

Can a notice of pendency in a mortgage foreclosure case be filed after the statutory expiration date and after the Court has already issued a judgment of foreclosure and sale?

In the present case, Plaintiff Wilmington PT Corp. commenced this mortgage foreclosure action against Defendants Elham Danialian and Bijan Danialian ("Defendants")[1] pursuant to New York Real Property Actions and Proceedings Law Section 1301 *et seq*. Judgment of Foreclosure has been entered, but the notice of pendency had expired. On referral from the Hon. Gary R. Brown is Plaintiff's motion, which seeks *nunc pro tunc* relief months after the Judgment of Foreclosure and Sale was entered, or, in the alternative to vacate the Judgment and re-enter it as of a date the Court deems appropriate. (ECF Nos. 72, 75.) Defendants oppose the application for *nunc pro tunc* treatment of the late-filed notice of pendency, however they do not oppose the request for relief in the alternative, namely, setting aside the Judgment.

For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion for *nunc pro tunc* treatment of the notice of pendency be denied (ECF No. 72) but grant the motion to vacate the Judgment (ECF No. 75).

## BACKGROUND

The following facts are drawn from the Complaint. (ECF No. 1.) Defendants Elham and Bijan Danialian obtained a loan from National City Bank for $350,000 plus interest on January 10, 2007 and the mortgage was recorded on January 10, 2007. (*Id*. ¶ 9.) Elham executed and delivered a note to National City Bank for that amount. (*Id*. ¶ 10.) The note was then transferred to Plaintiff and recorded on October 25, 2018. (*Id*. ¶ 11.) Plaintiff owned and held the Note and

---

[1] The Complaint initially included Fariborz Mosazadeh as a defendant since he was a judgment creditor. He was voluntarily dismissed from the case soon thereafter. (ECF No. 1 ¶ 5; Electronic Order dated Feb. 18, 2022.)

2

Mortgage. (*Id*. ¶ 13.) However, Defendants Elham and Bijan Danialian failed to make the requisite monthly payments to Plaintiff from June 20, 2013 to date. (*Id*. ¶ 14.) Plaintiff sent notices to cure to the Danialian Defendants which advised them that the loan could be accelerated, however, they failed to respond and are thus indebted to Plaintiff for $402,807.09 as well as attorney's fees and other associated costs. (*Id*. ¶¶ 15, 17-18.)

On April 5, 2019, Plaintiff filed the Complaint. (ECF No. 1.) One month later, Plaintiff filed the notice of pendency with the Nassau County Clerk's Office on May 6, 2019, set to expire three years later on May 6, 2022. The Danialian Defendants answered the Complaint on May 14, 2019. (ECF No. 10.) The case was then reassigned to the undersigned on May 25, 2021. (Electronic Order dated May 25, 2021.)

The undersigned held a status conference with the parties who informed the court that there was a state moratorium on residential home foreclosures because of COVID. (ECF No. 46.) The eviction and foreclosures moratorium then expired, and Plaintiff informed the Court that it intended to file a motion for summary judgment. (ECF No. 50.) All papers were filed by May 12, 2022. (ECF No. 54-66.) The case was transferred to Judge Brown. (Electronic Order dated July 8, 2022.)

On March 24, 2023, Judge Brown granted Plaintiff's motion for summary judgment (ECF No. 54) and its motion to strike the answer and affirmative defenses. (ECF No. 68.) Judge Brown subsequently entered a Judgment of Foreclosure and Sale in Plaintiff's favor on April 4, 2023 (ECF No. 71). Of note here is that Plaintiff filed the additional notice of pendency on May 18, 2023.

Plaintiff filed the instant motion to amend requesting *nunc pro tunc* relief on June 12, 2023, which was referred to the undersigned for a report and recommendation. (Electronic

3

Order dated June 20, 2023; Electronic Order dated Nov. 6, 2023.)  Plaintiff seeks to amend or otherwise correct or supplement its deficiency of having filed the additional notice of pendency *after* the three-year expiration of the notice of pendency and *after* the required 20 days before the Judgment of Foreclosure and Sale.  (ECF No. 72 at 1; ECF No. 75.)  It argues that this is a minor defect and can be corrected without prejudicing a substantial right of the Defendants'.  (*Id*. at 2.)  In the alternative, it asks the Court to vacate the Judgment of Foreclosure entered on April 4, 2023 and re-enter it considering that Plaintiff has re-filed the notice of pendency on May 18, 2023. [2]  (ECF No. 74.)

Defendants oppose claiming that Plaintiff has admittedly not complied with the applicable statutes and its request is not a mere minor defect that can be corrected retroactively.  (ECF No. 73.)  In addition, it argues that if the Court were to grant Plaintiff's request, it would be prejudicial to the Defendants because any auction held by Plaintiff after the Judgment would be "highly suspect."  (*Id.*)

## THE LEGAL FRAMEWORK

"A notice of pendency, or *lis pendens*, is a document that a claimant can file to put the world on notice of a claim against a piece of property."  *RL 900 Park, LLC v. Ender*, No. 18-cv-12121 (MKV), 2021 U.S. Dist. LEXIS 35469, at *30–31 (S.D.N.Y. Feb. 25, 2021).  Under New York law, a notice of pendency, also known as a *lis pendens*, may be filed in any case "that might 'affect the title to, or the possession use or enjoyment of, real property.'"  *Id.* at *31 (quoting N.Y. C.P.L.R. 6501 (McKinney 2023) (notice of pendency; constructive notice)).  However, a notice of pendency *must* be filed in mortgage foreclosure cases.  *See* N.Y. Real Prop.

---

[2] On November 2, 2023, Plaintiff renewed its letter motion to amend/correct/supplement the ECF No. 71 judgment requesting the same relief.  (ECF No. 75.)

4

Acts. Law § 1331.  A notice of pendency "allows a claimant to register its claim against a property so that any judgment that results from the claim is senior to later encumbrances and so that potential purchasers have constructive notice of a potential defect in the title of the property." *RL 900 Park, LLC,* 2021 U.S. Dist. LEXIS 35469 at *30.

The purpose of a notice of pendency is to put the world on notice that a claim is extant as to the subject property.  *See* Matthew Bender & Company, Inc*., 1 Bergman on New York Mortgage Foreclosures* § 8.04 (2023).  "The pendency of such an action is constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency indexed in a block index."  N.Y. C.P.L.R. § 6501 (McKinney 2023) (notice of pendency; constructive notice); *see also 5316 Church Ave. LLC v. Yhun*, No. 14-cv-07376 (FB) (RER), 2017 U.S. Dist. LEXIS 155360, at *3 (E.D.N.Y. Sept. 22, 2017) ("The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing.") (citing N.Y. C.P.L.R. 6511(a) (McKinney 2023) (filing)).  Because a "notice of pendency only provides notice of the pending court claims to a later purchaser when the notice has been indexed . . . by the county clerk," N.Y. C.P.L.R. 6501 "ensures that a title search done on the property will return the notice of pendency, alerting a prospective purchaser that title to the property is in question." *RL 900 Park, LLC*, 2021 Dist. LEXIS 35469 at * 31–32 (internal quotation marks omitted).

Filing a notice of pendency is simple and does not require prior court approval.  That is, in order to file a notice of pendency in a foreclosure action:

> The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in

5

> addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.

N.Y. Real Prop. Acts. Law § 1331.

Once filed, the notice of pendency "shall be effective for a period of three years from the date of filing." N.Y. Real Prop. Acts. Law § 6513. If the notice is set to expire, "the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period." *Id; see also RKO Props. Ltd. v. Boymelgreen*, 818 N.Y.S.2d 918, 918 (App. Div. 2d Dep't 2006) ("[A] party seeking to extend a notice of pendency must first make a showing of good cause."). But "[a]n extension order shall be filed, recorded and indexed *before* expiration of the prior period." N.Y. Real Prop. Acts. Law § 6513 (emphasis added). "The section is self-executing and failure to obtain an extension results in the death of the notice." *Robbins v. Goldstein*, 303 N.Y.S.2d 822, 823 (App. Div. 2d Dep't 1969). This requirement "is, in effect an element of the plaintiff's cause of action." *Slutsky v. Blooming Grove Inn, Inc.*, 542 N.Y.S.2d 721, 723 (App. Div. 2d Dep't 1989) (internal citations omitted). Thus, "[f]ailure to comply with the filing requirement precludes entry of final judgment." *Id.*

In a foreclosure action, however, a plaintiff is not without relief even if the original notice of pendency has expired and no extension has been granted. As amended in 2005, C.P.L.R. 6516 allows "a successive notice of pendency [to] be filed to comply with [N.Y. Real Prop. Acts. Law § 1331], notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired [under N.Y. C.P.L.R. 6513]." N.Y. C.P.L.R. 6516 (McKinney 2023) (successive notices of pendency); *see also* N.Y. Real Prop. Acts. Law § 1331. So, even if the original notice of pendency has expired, a plaintiff is able to obtain another because it is an element of their cause of action. *See Slutsky*, 542 N.Y.S.2d at 723 ("[S]uccessive

6

notices may be filed for purposes of prosecuting to final judgment a foreclosure action.") (internal citations omitted).

Plaintiff cites to N.Y. C.P.L.R. § 2001 to support its proposition that the notice of pendency should be given *nunc pro tunc* relief. That section provides that where a notice of pendency contains minor defects, "the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." N.Y. C.P.L.R. § 2001 (McKinney 2023) (mistakes, omissions, defects and irregularities). What does this mean? "[A] 'correction' of a mistake appears to be subject to a broader degree of judicial discretion without necessary regard to prejudice, whereas a complete 'disregarding' of a mistake must not prejudice an opposing party." *Grskovic v. Holmes*, 972 N.Y.S.2d 650, 656 (App. Div. 2d Dep't 2013). In other words, in order to obtain relief under C.P.L.R. 2001, the mistake must be minor; that is, it cannot affect a party's substantial right. *See In re Matter of MRC Receivables Corp.*, 871 N.Y.S.2d 293, 294 (App. Div. 2d Dep't 2008) ("Nor is the erroneous address contained in the affidavit of service a minor 'mistake omission, defect or irregularity' correctable under CPLR 2001, since it affects the appellant's substantial right to notice of the proceeding against him.").

It is against this backdrop that the undersigned analyzes the instant motion.

## DISCUSSION

The undersigned first considers Plaintiff's motion for alternative relief, namely, to vacate the Judgment of Foreclosure and Sale and re-enter it (ECF No. 75), which is unopposed, and then considers the motion for *nunc pro tunc* relief (ECF No. 72).

7

### A. Vacating the Judgment of Foreclosure and Sale

The additional notice of pendency was filed on May 18, 2023 (ECF No. 75). Plaintiff requests that the Court vacate the Judgment of Foreclosure and Sale Order entered on April 4, 2023 (ECF No. 71) and re-enter the Judgment, as more than 20 days have elapsed since the filing of the additional notice of pendency on May 18, 2023. This, according to Plaintiff, alleviates any purported "prejudices" as indicated in Defendants' letter (ECF No. 73). Defendants do not oppose this application. For the reasons set forth below, the undersigned recommends vacating the Judgment of Foreclosure and Sale and re-entering the Judgment on a date that the Court deems appropriate.

*First,* because a valid notice of pendency is a pre-requisite to proceeding to final judgment, *Campbell v. Smith*, 768 N.Y.S.2d 182, 183 (App. Div. 1st Dep't 2003); *Horowitz v. Griggs*, 767 N.Y.S.2d 860, 861 (App. Div. 2d Dep't 2003); *Urban Fin. of Am. v. Thomas,* No. 51194/15, 2018 N.Y. Misc. LEXIS 6085, at *1 (Dutchess Cty. Sup. Ct. Sept. 5, 2018), the current Judgment of Foreclosure and Sale (ECF No. 71) cannot stand. Therefore, vacating the Judgment entered on April 4th and re-entering it later, now that the additional notice of pendency has been entered at least twenty days prior to the final Judgment, would satisfy the requirement. *See* N.Y. Real Prop. Acts. Law § 1331.[3]

---

[3] Notably, Defendants here have not moved to vacate the additional notice of pendency. However, in order to do so, the court "will look to the allegations of the complaint and the notice of pendency." *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 355 (E.D.N.Y. 1997).

> The subject litigation must be one where the relief requested is 'directly related' to the title, possession, use or enjoyment of the real property. The plaintiff filing the notice of pendency must claim some interest . . . in the land of a defendant which might be lost under the recording acts in the event of a transfer of the subject property during the litigation. A plaintiff may not file a notice of pendency merely to prevent defendants from committing a wrongful act against plaintiffs through the defendants' use of his land.

*Id.; see also Whelan v. Busiello*, 195 N.Y.S.3d 87, 90 (App. Div. 2d Dep't 2023) ("A reviewing court has the inherent power to vacate a notice of pendency that does not comport with CPLR 6501."). There is no reason here to vacate the successive notice of pendency filed on May 18 since the relief requested is directly related to the property. (*See generally* ECF No. 1.) Nor have Defendants moved to vacate the

*Second*, even if another non-party were to declare an interest in the property, the mortgage was recorded on January 10, 2007, long before Plaintiff's commencing this action in 2019.  (ECF No. 1 at 3); *see Horowitz,* 767 N.Y.S.2d at 861 ("[T]he recorded mortgage itself gives notice of an encumbrance on the property . . . concerns regarding the notice of pendency restricting the alienability of the property are eliminated.") (citing *Campbell,* 768 N.Y.S.2d at 183).

*Finally,* in *Wells Fargo Banks, N.A. v. Gonsalves,* the court declined to restore the notice of pendency to the date of filing because it could prejudice non-parties who acquired an interest during the notice of pendency period and instead allowed plaintiff to file new notice of pendency to take *prospective* effect from date of filing.  *See Wells Fargo Banks, N.A. v. Gonsalves*, 987 N.Y.S.2d 561, 565 (West. Cty. Sup. Ct. 2014).  And it is recommended that the Court do the same here.  Because the additional notice of pendency has since been effectuated, and to prevent further potential prejudices against non-parties, the undersigned recommends vacating the April 4, 2023 Judgment of Foreclosure and Sale.  The effect here would be the notice of pendency would remain in effect from the time of filing forward.  The remaining question – a more perplexing one – is whether the late notice of pendency May 18, 2023 should be given retroactive effect back to May 6, 2022.

### B.  *Nunc Pro Tunc* Relief for the Successive Notice of Pendency

The notice of pendency was filed with the Nassau County Clerk's Office on May 6, 2019 and was to expire on May 6, 2022—three years later.  It is undisputed that Plaintiff did not file

---

Judgment of Foreclosure and Sale.  To vacate a judgment of foreclosure and sale, "the movant must show: (1) a justifiable reason for the default; and (2) demonstrate that there is a meritorious defense to the action."  *See New Century Mtge. Corp. v. Bosman*, No. 01040/2007, 2019 N.Y. Misc. LEXIS 2228, at *3 (Suffolk Cty. Sup. Ct. Apr. 30, 2019).  Here, the Court has already granted summary judgment in Plaintiff's favor, so Defendant's default is not questioned nor at issue.  (*See* ECF No. 68.) The vacatur of the Judgment at this juncture would be for reasons separate from Defendant's established default.

9

the additional notice of pendency before or on the expiration date. Instead, Plaintiff filed another notice of pendency over one year after the expiration date, on May 18, 2023. Now Plaintiff seeks to have the Court retroactively cure its deficiency in the filing by granting *nunc pro tunc* relief as if it had filed the document twenty days prior to final Judgment.

New York courts have found that despite the expiration of the initial notice of pendency, parties in a mortgage foreclosure action may file a successive notice of pendency because it is a prerequisite to bringing a cause of action under N.Y. Real Prop. Acts. Law Article 13. *See United Cos. Lending Corp. v. Candela*, 782 N.Y.S.2d 307, 307 (App. Div. 4th Dep't 2004) (noting that the plaintiff in this mortgage foreclosure action "allowed the notice of pendency to expire without moving for an extension" but permitted the successive notice of pendency in the action); *Horowitz*, 767 N.Y.S.2d at 860-61 (finding it "undisputed" that the plaintiff did not move for an extension before expiration of the notice of pendency but noting that a new notice of pendency can be filed in a mortgage foreclosure action); *Chiarelli v. Kotsifos,* 772 N.Y.S.2d 531, 531 (App. Div. 2d Dep't 2004) ("[T]he plaintiffs were entitled to file a new notice of pendency after the first notice of pendency expired. The plaintiffs therefore were in compliance with the notice of pendency prerequisite to obtaining a judgment in this [mortgage foreclosure] action."); *Campbell*, 768 N.Y.S.2d at 183 (allowing administrator to file successive notice of pendency because it was a prerequisite to bringing a cause of action under N.Y. Real Prop. Acts. Law Article 13).

Here, there are several reasons to deny Plaintiff's request to give retroactive effect to the additional notice of pendency filed in May 2023.

*First,* Plaintiff has simply failed to comply with the relevant statutory requirements mandating it to file the notice of pendency at least twenty days before final judgment. *See* N.Y. Real Prop. Acts. Law § 1331.

*Second,* permitting Plaintiff to amend the deficiency could prejudice any party that obtained an interest in the ten months between the notice of pendency expiring and the Judgment of Foreclosure and Sale.[4]  This means that from the time period from May 6, 2022 (the date the initial notice of pendency was to expire) to April 4, 2023 (the date of Judgment of Foreclosure and Sale), and even until May 18, 2023 (the date that the successive notice of pendency was filed), anyone conducting a search in the County Clerk's records would not have discovered the notice of pendency. Importantly, "the notice of pendency implicates the interests of any person who might potentially acquire an interest in the property . . . who is not given direct notice of the lawsuit by virtue of being made a party defendant." *See Wells Fargo Banks, N.A.*, 987 N.Y.S.2d at 565. So, Plaintiff assumes the risk that someone acquired an interest in the ten months between the lapsing of the notice of pendency to the filing of the new one and could ultimately prejudice those non-parties. *See id.* ("[I]t is plaintiff who must bear the risk that the sale will not cut off some interest in the property acquired after the original notice of pendency was withdrawn but before a new notice of pendency is filed.").

*Third,* Plaintiff's mistake is not minor.  Though not intentional, Plaintiff's disregard for complying with the statute differs significantly from the minor errors typically forgiven by the courts. *See* N.Y. C.P.L.R. 2001 (McKinney 2023) (mistakes, omissions, defects and irregularities) ("[T]he court may permit a mistake, omission, defect or  irregularity. . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced,

---

[4] The undersigned notes, however, that there is no evidence of any individual or entity acquiring an interest during this time period.

11

the mistake, omission, defect or irregularity shall be disregarded. . ..."); *City of N.Y. v. M133d LLC*, 2020 NYLJ LEXIS 183, at *6 (N.Y. Sup. Ct., Jan. 17, 2020) ("The error was plaintiff's bizarre decision to wait until the very last moment to file an order to show cause and its inability to get it signed (with a TRO) before the expiration of the three-year period."); *cf. Bankers Trust Co. of Cal., N.A. v. Wen Zhou*, 821 N.Y.S. 2d 152 (App. Div. 1st Dep't 2006) (granting plaintiff's motion to amend the judgment of foreclosure and sale and other documents *nunc pro tunc* to correct a minor typographical error in the property's description); *Key Bank Nat'l. Assn. v. Stern*, 789 N.Y.S.2d 297 (App. Div. 2d Dep't 2005) (same).  Here, Plaintiff requests that the Court turn a blind eye to its serious lack of diligence in filing a successive notice after its initial notice had expired and prior to the Judgment of Foreclosure and Sale.  The circumstances presented here are not insignificant when compared to cases with errors in property descriptions.  Thus, Plaintiff's request to amend *nunc pro tunc* to correct its mistake should be denied.

*Finally*, although the undersigned acknowledges Plaintiff's right to file an additional notice of pendency once the first expires, the cases allowing such a filing did *not* proceed to final judgment.[5]  In contrast, this case *did* proceed to final judgment on April 4, 2023 when Judge Brown ordered Judgment of Foreclosure and Sale.  (*See* ECF No. 71.)  Therefore, those cases are distinguishable from the case at bar.

For these reasons, the undersigned recommends denial of Plaintiff's request that the Court "So Order" its additional notice of pendency so it is deemed to be filed *nunc pro tunc* on a

---

[5] *See United Companies Lending Corp. vs. Candela*, No. 00-1648 (Onondaga Cty. Sup. Ct.) (judgment of foreclosure entered on February 15, 2005, months after appeal to Fourth Department was decided); *Horowitz v. Griggs,* No. 0003740/1991 (Kings Cty. Sup. Ct.) (case settled on October 5, 2005); *Campbell v. Smith*, No. 0025648/1999 (Bronx Cty. Sup. Ct.) (no final judgment of foreclosure entered); *Chiarelli v. Kotsifos,* No. 0010249/1995 (Suffolk Sup. Ct.) (judgment of foreclosure entered on June 9, 2004, months after appeal in Second Department was decided).

date that is at least 20 days prior to the April 4, 2023 entry of the Judgment of Foreclosure and Sale. *See e.g. RL 900 Park, LLC v. Ender*, No. 18-cv-12121 (MKV), 2021 U.S. Dist. LEXIS 35469, at *36 (S.D.N.Y. Feb. 25, 2021) ("[Section 1331] does not provide that a later-filed notice of pendency retroactively constitutes notice to bona fide purchasers who otherwise had none, as [plaintiff] would have the Court do here.").

## CONCLUSION

Accordingly, for the foregoing reasons, it is recommended that the District Judge: (1) grant Plaintiff's application to vacate the Judgment of Foreclosure and Sale entered on April 4, 2023 and re-enter the Judgement (ECF No. 75); and (2) deny Plaintiff's request for *nunc pro tunc* relief as to the additional notice of pendency filed on May 18, 2023 (ECF No. 72).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:     Central Islip, New York
           December 21, 2023

                                    RESPECTFULLY RECOMMENDED,

                                    /S/ *James M. Wicks*
                                    JAMES M. WICKS
                                    United States Magistrate Judge

Case 2:19-cv-01972-GRB-JMW    Document 76    Filed 12/21/23    Page 14 of 14 PageID #: 728